Filed in Lancaster District Court
*** EFILED ***
Case Number: D02CI220003381
Transaction ID: 0018952975
Filing Date: 10/03/2022 04:01:21 PM CDT

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA

| | | |
|---|---|---|
| CHRISTIAN L. GILBERT, | ) | Case No. CI22-3381 |
| | ) | |
| Plaintiff, | ) | PRAECIPE FOR SUMMONS |
| | ) | |
| vs. | ) | |
| | ) | |
| CHRISTOPHER M. JOHNSON | ) | |
| and CORDELL & CORDELL, | ) | |
| P.C., a Missouri corporation, | ) | |
| | ) | |
| Defendants. | ) | |

TO THE CLERK OF THE ABOVE COURT:

Please issue summons in the above-captioned matter upon **each of** (1)
defendant Christopher M. Johnson, and (2) defendant Cordell & Cordell, P.C., a
Missouri corporation, and forward the same to the undersigned, along with two
copies of the Complaint filed herein on October 1, 2022, for service of same by
**certified mail** upon:

CHRISTOPHER M. JOHNSON
1003 N EAST AVE
YORK, NE 68467-0000

and

CORDELL & CORDELL, P.C.
c/o ITS REGISTERED AGENT,
CAPITOL CORPORATE SERVICES, INC.
SUITE 800
1125 S. 103RD ST.
OMAHA, NE 68124

Please direct that each summons be returned according to law.

1

CHRISTIAN L. GILBERT, Plaintiff

By:   /s/ Matt Catlett
      Matt Catlett, #21699
      LAW OFFICE OF MATT CATLETT
      701 P Street, Suite 207
      Lincoln, NE 68508
      Tel.: 402-435-0303
      Fax: 877-561-6399
      E-mail: matt@catlettlaw.com
      Attorney for Plaintiff

# Certificate of Service

I hereby certify that on Monday, October 03, 2022 I provided a true and correct copy of the Praecipe-Summons/Alias to the following:

Signature: /s/ Catlett, Matt (Bar Number: 21699)

Filed In Lancaster District Court
*** EFILED ***
Case Number: D02CI220003381
Transaction ID: 0018948018
Filing Date: 10/01/2022 11:56:37 PM CDT

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA

| | | |
|---|---|---|
| CHRISTIAN L. GILBERT, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | COMPLAINT |
| | ) | |
| vs. | ) | JURY TRIAL DEMANDED |
| | ) | |
| CHRISTOPHER M. JOHNSON | ) | |
| and CORDELL & CORDELL, | ) | |
| P.C., a Missouri corporation, | ) | |
| | ) | |
| Defendants. | ) | |

Christian L. Gilbert, the above-named plaintiff, states and alleges as follows:

1.     The plaintiff is and has been at all times relevant, a resident of the State of Iowa.

2.     Defendant Christopher M. Johnson ("Johnson") is, and has been at all times relevant, a resident of the State of Nebraska.  Johnson is, and has been at all times relevant, an attorney licensed to practice before the courts of the State of Nebraska.

3.     Defendant Cordell & Cordell, P.C. ("Cordell"), is a Missouri professional corporation, and has offices and transacts business in various states, including the State of Nebraska.

4.     Johnson was at all times relevant an employee and agent of Cordell, and all of Johnson's actions and omissions as alleged below were imputed to Cordell under the doctrine of *respondeat superior*.

5.     On January 9, 2020, Paw Kee ("Kee") filed against the plaintiff a "Complaint for Paternity, Custody and Child Support" in the District Court of Lancaster County, Nebraska, case number CI20-102 (the "Paternity Action"), wherein Kee sought to establish the plaintiff's paternity of her minor child, Cylise Gilbert, and for an award of custody of Cylise and child support from the plaintiff.

1

6.      On January 13, 2020, Kee filed an "Ex Parte Motion for Temporary Custody" in the Paternity Action, wherein she sought temporary custody of Cylise.  On January 13, 2020, the court in the Paternity Action entered an "Ex Parte Order" awarding temporary custody of Cylise to Kee.

7.      On January 14, 2021, upon being served by a Deputy of the Jasper County, Iowa Sheriff at his home in Newton, Iowa, with Kee's January 9, 2020, "Complaint for Paternity, Custody and Child Support" and the court's January 13, 2020, "Ex Parte Order" in the Paternity Action, the plaintiff contacted Jessica M. Millage ("Millage"), who was at that time employed as an associate attorney of Cordell in its Iowa offices and was representing the plaintiff in a civil action that the plaintiff had commenced against Kee in a court of the State of Iowa on December 17, 2019, to establish his paternity of Cylise and for an award of custody of Cylise and child support from Kee (the "Iowa Action"), and notified Millage that he had just been served in the Nebraska Action, and further that the Deputy of the Jasper County, Iowa, Sheriff that had served him had, under ostensible authority of the January 13, 2020, "Ex Parte Order" in the Paternity Action, seized custody of Cylise from his child care provider in Newton and delivered him to Kee.  Millage informed the plaintiff that she was not licensed to practice in the courts of the State of Nebraska and could not represent him in the Nebraska Action, but that there were attorneys with Cordell that were, and that one of those attorneys would represent the plaintiff in the Nebraska Action.

8.      Between January 14, 2021, and January 23, 2021, the plaintiff retained Johnson to represent the plaintiff in the Nebraska Action.

9.      On January 23, 2021, Johnson filed on behalf of the plaintiff in the Nebraska Action a "Motion to Dismiss for Lack of Jurisdiction Under UCCJEA." in the Nebraska Action.  This was the first document filed by Johnson on behalf of the plaintiff in the Nebraska Action requesting any relief.  In this document, Johnson did not seek dismissal on the ground that the court lacked jurisdiction over the person of the plaintiff.  Instead, Johnson requested that the court dismiss the "Complaint for Paternity, Custody and Child Support" on the ground that it did not have jurisdiction to make a child custody determination under the Uniform Child Custody Jurisdiction and Enforcement Act.

10.      A party will be deemed to have appeared generally if, by motion or other form of application to a court, he or she seeks to bring its powers into action on any matter other than jurisdiction over that party.  *See, e.g.*, *Applied*

2

*Underwriters v. Oceanside Laundry,* 300 Neb. 333 (2018).

11.     The "Motion to Dismiss for Lack of Jurisdiction Under UCCJEA" filed by Johnson on the plaintiff's behalf in the Nebraska Action constituted a general appearance by the plaintiff.

12.     Had Johnson moved the court in the Nebraska Action to dismiss Kee's January 9, 2020, "Complaint for Paternity, Custody and Support" on the ground of lack of personal jurisdiction, the court would have granted the motion, since the action was one to establish the plaintiff's paternity of Cylise, and yet the plaintiff was not a resident of the State of Nebraska on January 9, 2020, Cylise was not conceived in the State of Nebraska, the plaintiff had never resided in the State of Nebraska with Cylise, the plaintiff never provided prenatal expenses or support for Cylise in the State of Nebraska, Cylise did not reside in the State of Nebraska on January 9, 2020, as a result of the acts or directives of the plaintiff, and there was no other basis consistent with the Constitution of the United States for the exercise of personal jurisdiction over the plaintiff.

13.     Not only did Johnson not in the first instance move the court in the Nebraska Action to dismiss Kee's January 9, 2020, "Complaint for Paternity, Custody and Child Support" on the ground of lack of personal jurisdiction, Johnson *did not even advise* the plaintiff of the consequences of not doing so.  In fact, Johnson *never even discussed* with the plaintiff the possibility of moving the court to dismiss for lack of personal jurisdiction.

14.     On January 29, 2020, a hearing was held in the Nebraska Action on Johnson's January 23, 2020, "Motion to Dismiss for Lack of Jurisdiction Under UCCJEA," but no record exists of that hearing, because Johnson did not demand that a record be made.  The January 29, 2020, hearing in the Nebraska Action on Johnson's January 23, 2020, "Motion to Dismiss for Lack of Jurisdiction Under UCCJEA" was recessed until February 10, 2020.  On February 14, 2020, the court in the Nebraska Action entered an "Order" denying the "Motion to Dismiss for Lack of Jurisdiction Under UCCJEA" filed by Johnson on the plaintiff's behalf on January 23, 2020.  This forced the plaintiff to litigate a paternity action in a court that did not have personal jurisdiction over him.

15.     Johnson represented the plaintiff in the Nebraska Action until October 2, 2020, at which time he was granted leave to withdraw from representing the plaintiff.

3

16.     Pursuant to Neb. Ct. R. Pldg. § 6-1112, Johnson had 20 days from February 14, 2020, or March 5, 2020, to file and serve a pleading responsive to Kee's January 9, 2020, "Complaint for Paternity, Custody and Child Support." But Johnson did not file or serve such a responsive pleading by March 5, 2020, or at any time prior to October 2, 2020.

17.     Despite the plaintiff's repeated requests of Johnson during the period Johnson represented the plaintiff in the Nebraska Action that he seek on the plaintiff's behalf custody of Cylise, Johnson failed to file any motions with the court requesting such relief.  On May 8, 2020, the court in the Nebraska Action entered a "Temporary Order" awarding temporary custody of Cylise to Kee and specified temporary visitation with Cylise to the plaintiff.  The visitation awarded to the plaintiff in the "Temporary Order" was every other weekend from Friday at 5:00 p.m. until Monday before noon.  It is unclear as to the genesis of this May 8, 2020, "Temporary Order," as it was not based on any motions filed by either the plaintiff or Kee.  The court in the May 8, 2020, "Temporary Order" stated in the first sentence that "THIS MATTER came before this Court upon the agreement of the parties for temporary parenting time," but the evidentiary record in the Nebraska Action contains no such "agreement."  However, below the judge's signature in the May 8, 2020, "Temporary Order" appears the statement, "Approved as to form and content by" and below that statement appears the printed names and signatures of Johnson and Kee's attorney, and the plaintiff and Kee.  Insofar as these printed names and signatures reflect "the agreement" referred to by the court in the first sentence of this "Temporary Order," this was not in fact the plaintiff's "agreement."  Indeed, prior to signing this document, the plaintiff made it clear to Johnson that he wanted custody of Cylise, not just visitation, and that he certainly desired more visitation with Cylise than every other weekend.  Johnson, however, told the plaintiff that there was no way the court in the Nebraska Action would award custody of Cylise to him, and that the visitation set forth in the "Temporary Order" was the most that the court would award him temporarily.  These statements were false, if not knowingly, at least negligently.  Johnson had a duty to seek the relief requested by the plaintiff, and to present evidence and arguments to the court, but Johnson simply chose to disregard the plaintiff's requests.

18.     Throughout Johnson's representation of the plaintiff in the Nebraska Action, Johnson billed the plaintiff for services that he claimed he provided to the plaintiff, and for expenses he claimed that he incurred on behalf of

4

the plaintiff.  The amounts billed were unreasonable and did not reflect the value of the services provided to the plaintiff by Johnson.  As alleged above, had Johnson moved the court to dismiss Kee's January 9, 2020, "Complaint for Paternity, Custody and Child Support" in the first instant on the ground that the court in the Nebraska Action lacked jurisdiction over the person of the plaintiff, and had Johnson presented evidence in support of such motion, the court in the Nebraska Action would have granted the motion.  At that point Johnson's representation of the plaintiff would have ended, which of course would mean that there would be no more fees charged to the plaintiff.

19.     In the motion Johnson filed in the Nebraska Action for leave to withdraw from representing the plaintiff, which he did on September 22, 2020, Johnson stated:

1.     That [the plaintiff] has not adhered to the terms of the representation agreement that prevents the firm from being able to continue to represent [the plaintiff].

2.     Further, that demand was made in writing of [the plaintiff] on September 11, 2020 to come into compliance with the terms of the representation agreement, and [the plaintiff] has made no effort to come into said compliance.

3.     Further, Counsel for [the plaintiff] have no reasonable belief that [the plaintiff] will come into compliance with the terms of his representation agreement at any point in the foreseeable future.

The foregoing statements by Johnson were not merely false, they disparaged gthe plaintiff and violated Johnson's duties of loyalty and confidentiality to the plaintiff.  The making of these statements by Johnson resulted in prejudice to the plaintiff in the Nebraska Action, as they created in the court a negative impression of the plaintiff.

20.     The granting by the court in the Nebraska Action of Johnson's September 22, 2020, motion for leave to withdraw from representing the plaintiff resulted in significant prejudice to the plaintiff.  The plaintiff was forced to engage new counsel in an attempt to remedy the deficiencies of Johnson's previous representation.  These attempts were ultimately unsuccessful, because on

5

March 31, 2022, the court in the Nebraska Action awarded the legal and physical custody of Cylise exclusively to Kee permanently, awarded to the plaintiff visitation with Cylise that consisted of essentially the same visitation as set forth in the May 8, 2020, "Temporary Order," ordered the plaintiff to pay Kee monthly child support, retroactive child support, and attorney fees in the sum of $30,000.00.  Had Johnson competently represented the plaintiff in the Nebraska Action, *none of these things would have occurred*.

## PROFESSIONAL NEGLIGENCE

21.     The plaintiff re-alleges paragraphs 1-20 above and incorporates them herein by reference.

22.     Johnson owed the plaintiff a duty of care to provide competent legal representation to the plaintiff in the Nebraska Action, but breached that duty starting on January 23, 2020, and continuing until October 2, 2020, by (a) failing to advise the plaintiff of the possibility of moving to dismiss Kee's January 9, 2020, "Complaint for Paternity, Custody and Child Support" on the ground of a lack of personal jurisdiction over the plaintiff, (b) failing to actually move the court in the Nebraska Action to dismiss Kee's January 9, 2020, "Complaint for Paternity, Custody and Child Support" dismiss on the ground of a lack of personal jurisdiction over the plaintiff, (c) failing to file and serve a pleading responsive to Kee's January 9, 2020, "Complaint for Paternity, Custody and Child Support," (d) failing to seek from the court in the Nebraska Action the relief repeatedly requested by the plaintiff, namely temporary custody of Cylise, (e) telling the plaintiff that there was no way the court in the Nebraska Action would award to him the temporary custody of Cylise, and that the visitation set forth in the court's May 8, 2020, "Temporary Order" was the most that the court would award to the plaintiff, (f) making false and disparaging statements to the court about the plaintiff in his September 22, 2020, motion for leave to withdraw, and (g) charging to the plaintiff an unreasonable fee for the services he provided to the plaintiff.

23.     As a direct and proximate result of Johnson's breaches of his duty of care, the plaintiff has been damaged.

## BREACH OF FIDUCIARY DUTIES

24.     The plaintiff re-alleges paragraphs 1-20 above and incorporates

6

them herein by reference.

25.     Johnson owed the plaintiff fiduciary duties to act in the best interests of the plaintiff, to be loyal to the plaintiff, and to maintain the confidences of the plaintiff throughout his representation of the plaintiff in the Nebraska Action, but breached those duties starting on January 23, 2020, and continuing until October 2, 2020, by (a) failing to advise the plaintiff of the possibility of moving to dismiss Kee's January 9, 2020, "Complaint for Paternity, Custody and Child Support" on the ground of a lack of personal jurisdiction over the plaintiff, by (b) failing to actually move the court in the Nebraska Action to dismiss Kee's January 9, 2020, "Complaint for Paternity, Custody and Child Support" dismiss on the ground of a lack of personal jurisdiction over the plaintiff, (c) by failing to file and serve a pleading responsive to Kee's January 9, 2020, "Complaint for Paternity, Custody and Child Support," (d) by failing to seek from the court in the Nebraska Action the relief repeatedly requested by the plaintiff, namely temporary custody of Cylise, (e) by telling the plaintiff that there was no way the court in the Nebraska Action would award to him the temporary custody of Cylise, and that the visitation set forth in the court's May 8, 2020, "Temporary Order" was the most that the court would award to the plaintiff, (f) by making false and disparaging statements to the court about the plaintiff in his September 22, 2020, motion for leave to withdraw, and (g) by charging to the plaintiff an unreasonable fee for the services he provided to the plaintiff.

26.     As a direct and proximate result of Johnson's breaches of his fiduciary duties, the plaintiff has been damaged.


## DEMAND FOR JURY TRIAL

The plaintiff demands a trial by jury.


## REQUEST FOR RELIEF

The plaintiff requests that judgment be entered against Johnson and Cordell for general and special damages, and costs and attorney fees as allowed by law.

7

CHRISTIAN L. GILBERT, Plaintiff

By:    /s/ Matt Catlett
       Matt Catlett, #21699
       LAW OFFICE OF MATT CATLETT
       701 P Street, Suite 207
       Lincoln, NE 68508
       Tel.: 402-435-0303
       Fax: 877-561-6399
       E-mail: matt@catlettlaw.com
       Attorney for Plaintiff

8

| Image ID:<br>D00665773D02 | **SUMMONS** | Doc. No.    665773 |
|---|---|---|

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln                NE 68508

Christian L Gilbert v. Christopher M Johnson

Case ID: CI 22    3381

TO:  Christopher M Johnson

**FILED BY**

Clerk of the Lancaster District Court
10/03/2022

You have been sued by the following plaintiff(s):

Christian L Gilbert

Plaintiff's Attorney:    Matt Catlett
Address:                 701 P St. #207
                         Lincoln, NE 68508

Telephone:               (402) 435-0303

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself.

Date: OCTOBER 3, 2022    BY THE COURT:    _Troy L Clerk_
                                              Clerk

Image ID:
D00665773D02

**SUMMONS**

Doc. No.    665773

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        Christopher M Johnson
        1003 N East Ave
        York, NE 68467

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

## SERVICE RETURN

Doc. No.    665773

```
LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln          NE 68508
```

To:
Case ID: CI 22   3381 Christian Gilbert v. Christopher Johnson

Received this Summons on _____,_____.  I hereby certify that on

_____, _____ at _____ o'clock ___M. I served copies of the Summons

upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return    $ _____

Copy                  _____

Mileage ____miles     _____

   TOTAL           $ _____

Date: _____    BY: _____
                                      (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

_____

Postage $ _____    Attorney for: _____

The return receipt for mailing to the party was signed on _____, _____.

```
To: Christopher M Johnson          From: Matt Catlett
    1003 N East Ave                      701 P St. #207
                                         Lincoln, NE 68508
    York, NE 68467
```

## ATTACH RETURN RECEIPT & RETURN TO COURT

Filed in Lancaster District Court
*** EFILED ***
Case Number: D02CI220003381
Transaction ID: 0018015945
Filing Date: 10/17/2022 08:54:05 PM CDT

### SERVICE RETURN

LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln            NE 68508

To:
Case ID: CI 22    3381 Christian Gilbert v. Christopher Johnson

Received this Summons on _____,_____. I hereby certify that on

_____, _____ at _____ o'clock ___M. I served copies of the Summons
upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return       $ _____

Copy                       _____

Mileage _____miles         _____

   TOTAL              $ _____

Date: _____    BY: _____
                                       (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: ____Christopher M. Johnson_____

At the following address: ____1003 N East Ave., York, NE 68467____

_____

_____

on the 7th day of October 2022, as required by Nebraska state law.

_____/Matt Catlett #21699

Postage $ 8.09   Attorney for: Christian L. Gilbert

The return receipt for mailing to the party was signed on October 11, 2022.

To: Christopher M Johnson            From: Matt Catlett
    1003 N East Ave                        701 P St. #207
                                           Lincoln, NE 68508
    York, NE 68467

## ATTACH RETURN RECEIPT & RETURN TO COURT

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*

☐ Return Receipt (hardcopy)            $ _____

☐ Return Receipt (electronic)          $ _____

☐ Certified Mail Restricted Delivery    $ _____

☐ Adult Signature Required             $ _____

☐ Adult Signature Restricted Delivery  $ _____

Postage

$

Total Postage and Fees

$

Sent To
Christopher M. Johnson

Street and Apt. No., or PO Box No.
1003 N East Ave.

City, State, ZIP+4®
York, NE 68467

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

7026 1073 5073 5001 0670 1470 2220



**UNITED STATES POSTAL SERVICE.**

LINCOLN
700 R ST
LINCOLN, NE 68501-9998
(800)275-8777

10/07/2022                          03:07 PM
------------------------------------------
Product              Qty    Unit      Price
                            Price
------------------------------------------
First-Class Mail®     1               $0.84
Letter
    York, NE 68467
    Weight: 0 lb 1.90 oz
    Estimated Delivery Date
        Tue 10/11/2022
    Certified Mail®                   $4.00
        Tracking #:
        70221670000150931026
    Return Receipt                    $3.25
        Tracking #:
        9590 9402 7660 2122 2667 32
Total                                 $8.09

First-Class Mail®     1               $0.84
Letter
    Omaha, NE 68124
    Weight: 0 lb 2.00 oz
    Estimated Delivery Date
        Tue 10/11/2022
    Certified Mail®                   $4.00
        Tracking #:
        70221670000150931033
    Return Receipt                    $3.25
        Tracking #:
        9590 9402 7660 2122 2667 25
Total                                 $8.09
------------------------------------------
Grand Total:                         $16.18
------------------------------------------
Credit Card Remit                    $16.18
    Card Name: AMEX
    Account #: XXXXXXXXXXX4003
    Approval #: 842086
    Transaction #: 481
    AID: A000000025010801 Contactless
    AL: AMERICAN EXPRESS
    PIN: Not Required
------------------------------------------

Text your tracking number to 28777 (2USPS)
to get the latest status. Standard Message
and Data rates may apply. You may also
visit www.usps.com USPS Tracking or call
1-800-222-1811.

In a hurry? Self-service kiosks offer
quick and easy check-out. Any Retail
Associate can show you how.

Preview your Mail
Track your Packages
Sign up for FREE @
https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

Tell us about your experience.
Go to: https://postalexperience.com/Pos
or scan this code with your mobile device.

or call 1-800-410-7420.

------------------------------------------

UFN: 305166-0500
Receipt #: 840-56800754-3-4852507-2
Clerk: 12

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Christopher M. Johnson
1003 N East Ave.
York, NE 68467

9590 9402 7660 2122 2667 32

2. Article Number *(Transfer from service label)*

7022 1670 0001 5093 1026

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*
Chris Johnson

C. Date of Delivery
12-11-22

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ____ Mail
☐ ____ Mail Restricted Delivery
   ____)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2020 PSN 7530-02-000-9053

Domestic Return Receipt

USPS TRACKING #

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

12 OCT 2022 PM 3 L

9590 9402 7660 2122 2667 32

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Matt Catlett
Law Office of Matt Catlett
701 P Street, Ste. 207
Lincoln, NE 68508

# Certificate of Service

I hereby certify that on Tuesday, October 18, 2022 I provided a true and correct copy of the Return-Summons/Alias Summons to the following:

Signature: /s/ Catlett, Matt (Bar Number: 21699)

Filed in Lancaster District Court
*** EFILED ***
Case Number: D02CI220003381
Transaction ID: 0019015945
Filing Date: 10/17/2022 08:54:05 PM CDT
Doc. No. 685744

## SERVICE RETURN

LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln            NE 68508

To:
Case ID: CI 22    3381 Christian Gilbert v. Christopher Johnson

Received this Summons on _____,_____. I hereby certify that on

_____. _____ at _____ o'clock __M. I served copies of the Summons

upon the party:
_____

by _____

_____

_____

as required by Nebraska state law.

Service and return       $ _____

Copy                        _____

Mileage ____miles            _____

   TOTAL             $ _____

Date: _____  BY: _____
                                          (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _Cordell & Cordell_____

At the following address: _Reg. Agent, Capital Corporate Services, Inc._
_____Suite 800_____
_____1125 S. 103rd St., Omaha, NE 68124_____

on the _7th_ day of _October_____ _2022_, as required by Nebraska state law.

_____ / Matt Catlett #21699

Postage $ _8.09_   Attorney for: _Christian L. Gilbert_____

The return receipt for mailing to the party was signed on _October 12_, _2022_

To: Cordell & Cordell P.C.
    % Capitol Corporate Services Inc;RA
    1125 S 103rd St, Ste 800
    Omaha, NE 68124

From: Matt Catlett
      701 P St. #207
      Lincoln, NE 68508

## ATTACH RETURN RECEIPT & RETURN TO COURT

CRZ   Doc # 1-2   Filed: 11/10/22   Page 22 of 26

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*
- ☐ Return Receipt (hardcopy)        $ _____
- ☐ Return Receipt (electronic)      $ _____
- ☐ Certified Mail Restricted Delivery $ _____
- ☐ Adult Signature Required         $ _____
- ☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage

$

Total Postage and Fees

$

Sent To
Cordell & Cordell c/o Reg. Agent, Capital Corporate

Street and Apt. No., or PO Box No.
Suite 800, 1125 S. 103rd St.         Services, Inc

City, State, ZIP+4®
Omaha, NE 68124

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions



**UNITED STATES**
**POSTAL SERVICE.**

```
             LINCOLN
            700 R ST
       LINCOLN, NE 68501-9998
           (800)275-8777
10/07/2022                    03:07 PM
----------------------------------------
Product          Qty    Unit      Price
                        Price
----------------------------------------
First-Class Mail®  1               $0.84
Letter
    York, NE 68467
    Weight: 0 lb 1.90 oz
    Estimated Delivery Date
       Tue 10/11/2022
    Certified Mail®                $4.00
    Tracking #:
       70221670000150931026
    Return Receipt                 $3.25
    Tracking #:
       9590 9402 7660 2122 2667 32
Total                             $8.09

First-Class Mail®  1               $0.84
Letter
    Omaha, NE 68124
    Weight: 0 lb 2.00 oz
    Estimated Delivery Date
       Tue 10/11/2022
    Certified Mail®                $4.00
    Tracking #:
       702216700000150931033
    Return Receipt                 $3.25
    Tracking #:
       9590 9402 7660 2122 2667 25
Total                             $8.09
----------------------------------------
Grand Total:                     $16.18
----------------------------------------
Credit Card Remit                $16.18
    Card Name: AMEX
    Account #: XXXXXXXXXXX4003
    Approval #: 842086
    Transaction #: 481
    AID: A000000025010801 Contactless
    AL: AMERICAN EXPRESS
    PIN: Not Required
----------------------------------------
```

Text your tracking number to 28777 (2USPS)
to get the latest status. Standard Message
and Data rates may apply. You may also
visit www.usps.com USPS Tracking or call
1-800-222-1811.

In a hurry? Self-service kiosks offer
quick and easy check-out. Any Retail
Associate can show you how.

Preview your Mail
Track your Packages
Sign up for FREE @
https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

Tell us about your experience.
Go to: https://postalexperience.com/Pos
or scan this code with your mobile device.

or call 1-800-410-7420.

----------------------------------------

UFN: 305166-0500
Receipt #: 840-56800754-3-4852507-2
Clerk: 12

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Cordell & Cordell
40 Registered Agent,
Capital Corporate Services, Inc
Suite 800
1125 S. 103rd St.
Omaha, NE 68124

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 7660 2122 2667 25

2. Article Number (Transfer from service label)

EEDT E6DS TODD D45T 2202

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☒ Agent
                   ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
Joe Miller                       10·12·22

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery ($500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053

Domestic Return Receipt



USPS TRACKING #

9590 9402 7660 2122 2667 25

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Matt Catlett
Law Office of Matt Catlett
701 P Street, Ste. 207
Lincoln, NE 08508

# Certificate of Service

I hereby certify that on Tuesday, October 18, 2022 I provided a true and correct copy of the Return-Summons/Alias Summons to the following:

Signature: /s/ Catlett, Matt (Bar Number: 21699)