IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTIAN L. GILBERT,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER M. JOHNSON, and CORDELL & CORDELL, P.C., a Missouri corporation;<br><br>Defendants. | 4:22CV3248<br><br><br>**FINDINGS, RECOMMENDATION AND ORDER** |

This case is before the court on the Motion to Remand (Filing No. 11) filed by Plaintiff Christian Gilbert ("Plaintiff").

Plaintiff originally filed a lawsuit in the District Court of Lancaster County, Nebraska. (Filing No. 1). The complaint alleges legal malpractice and breach of fiduciary duty claims against his former attorney, Christopher Johnson ("Johnson"), and Johnson's law firm, Cordell & Cordell ("Cordell") (collectively "Defendants"). On November 10, 2022, with consent of Johnson, Cordell removed the lawsuit on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. (Filing No. 1). In response and by motion, Plaintiff argues that this court lacks subject matter jurisdiction and requests that the matter be remanded to state court for adjudication. (Filing Nos. 11 and 12). For the reasons set forth below, Plaintiff's motion to remand should be denied.

## STANDARD OF REVIEW

Removal is proper only if the federal court has subject matter jurisdiction over the case, e.g., either diversity jurisdiction (28 U.S.C. § 1332), or federal question jurisdiction (28 U.S.C. § 1331). See 28 U.S.C.A. § 1441 (a-c) and § 1446(a); Peters v. Union Pac. R.R. Co., 80 F.3d 257, 260 (8th Cir. 2002). see also Mensah v. Owners Ins. Co., 951 F.3d 941, 943 (8th Cir. 2020) ("[a]n action may be removed to federal court only if the action could have been originally filed in federal district court") (internal citation omitted). When removal is challenged, the defendants opposing remand bear the burden of establishing that federal subject matter jurisdiction exists. See Green v. Ameritrade, Inc., 279 F.3d 590 (8th Cir. 2002). All doubts as to the propriety of exercising federal jurisdiction over a removed case must be resolved in favor of remand. See Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997).

## ANALYSIS

Removal of civil actions from state court to federal court based on diversity jurisdiction is governed by 28 U.S.C. § 1441(a), which provides in relevant part:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

Defendants removed this action citing federal diversity jurisdiction under 28 U.S.C. § 1332(a). (Filing No. 1 at CM/ECF p. 1). Diversity jurisdiction has two requirements: complete diversity of the parties, and an amount in controversy that

"exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Plaintiff takes issue with both requirements. (Filing No. 12 at CM/ECF p. 2). Specifically, Plaintiff argues that Defendants have failed to adequately allege his citizenship and failed to establish that the amount in controversy exceeds $75,000.[1] Id.

I. Diversity of Parties

Plaintiff first contends that the Notice of Removal fails to "affirmatively allege" the citizenship of Plaintiff, and thus, Defendants have failed to establish that complete diversity of citizenship exists between the parties. Plaintiff does not argue that the parties are not diverse—rather, that Defendants have not adequately alleged their diversity. This argument is without merit.

The Notice of Removal establishes diversity jurisdiction. According to the Notice and Plaintiff's Complaint, Plaintiff is a resident of Iowa, which Plaintiff affirmatively alleges in his state court complaint. (Filing No. 1 at CM/ECF p. 2). Defendant Cordell is a citizen of Missouri, and Johnson is a citizen of Nebraska. Id. And "[a]ccordingly, Plaintiff and the Defendants are citizens of different states and complete diversity exists." Id. Thus, Cordell has alleged each party is a citizen of a different state—Nebraska, Iowa, and Missouri. Plaintiff does not meaningfully dispute this.

---

[1] The court does not consider the applicability, if any, of the "forum-defendant rule" because Plaintiff does not assert it as a basis for his motion to remand and it does not affect this court's jurisdiction. See Holbein v. TAW Enters., Inc., 983 F.3d 1049, 1053 (8th Cir. 2020) (holding "violation of the forum-defendant rule is a nonjurisdictional defect in removal that is waived if not raised in '[a] motion to remand ... made within 30 days after the filing of the notice of removal.' ") (citing 28 U.S.C. § 1447(c)).

Plaintiff argues Defendants have alleged only Plaintiff's residency, not his citizenship, which is insufficient to establish diversity jurisdiction. While the term "resident" is not synonymous with "citizen," this distinction does not warrant remand to state court. Rather, an allegation of citizenship in a notice of removal, when not otherwise controverted, is sufficient to show federal jurisdiction even though the plaintiff's complaint references only residency. Hargett v. RevClaims, LLC, 854 F.3d 962, 967 (8th Cir. 2017) (citing Reece v. Bank of New York Mellon, 760 F.3d 771, 778 (8th Cir. 2014)).

Here, Plaintiff does not contest that he is a citizen of Iowa, nor does he suggest he was a citizen of any other state at the time he commenced this action or at the time of the removal. There is nothing in the Complaint, Notice of Removal, or elsewhere in the record establishing that the Plaintiff has ties to any state other than Iowa. Defendants have alleged all parties are citizens of different states. This is sufficient to establish the parties' diversity of citizenship.

II.     Amount in Controversy

Plaintiff also argues that Defendants have failed to establish with certainty that the amount in controversy exceeds $75,000, which is required for diversity jurisdiction. (Filing No. 12 at CM/ECF p. 5-6).

A defendant need only show, by a preponderance of the evidence, an arguable basis on which the fact finder "might legally conclude" that the amount in controversy exceeds $75,000. Gurrola v. Tyson Fresh Meats, Inc., 2014 WL 25594, at *2 (D. Neb. Jan. 2, 2014) (citing Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir.2009)); see also Hargis v. Access Capital Funding, LLC, 674 F.3d 783, 789 (8th Cir. 2012) ("Under the preponderance standard, the jurisdictional fact ... is not whether the damages are greater than the requisite amount, but whether a

4

fact finder might legally conclude that they are...[.]") (citation omitted). This analysis does not require the court to calculate damages or assign with specificity a ceiling or floor to recovery of the pleaded general damages.

Plaintiff's complaint alleges general and special damages, as well as attorney's fees. (Filing No. 1 at CM/ECF p. 10). However, the face of the complaint does not state a specific monetary amount. Defendants calculate the amount in controversy based on the damages in the court action underlying the malpractice claim—which includes an award of $30,000 in attorney's fees and child support. (Filing No. 1 at CM/ECF p. 2-3). Defendants calculate the child support award based on the amount ordered per month multiplied by the number of months until the child reaches the age of majority. Id.

Plaintiff argues Defendants' calculation is "nothing more than self-serving speculation" and that this court should not consider information outside of Plaintiff's complaint. (Filing No. 12 at CM/ECF p. 8).

While Plaintiff contends the court should not consider the amount of child support he was ordered to pay because he did not plead that information, the court, in its discretion, may consider materials outside of the pleadings when determining whether the record demonstrates lack of subject matter jurisdiction. Clark v. Ameritas Inv. Corp., 408 F.Supp. 2d 819 (D. Neb. 2005); see also In re Business Men's Assurance Co. of America, 992 F.2d 181 (8th Cir. 1993) (suggesting that receiving extra-pleading evidence on a motion for remand might sometimes be appropriate). As such, the court considers the entire record, including the judicial records from the underlying state court case.

While there is currently no way to know, with certainty, the amount Plaintiff will ultimately pay in child support, the question before the court is not what Plaintiff

will recover, but whether there is a legally cognizable basis that recovery could exceed $75,000. Hargis, 674 F.3d at 789. Here, the Lancaster County District Court's amended decree shows that Plaintiff was ordered to pay $535 per month in child support beginning on February 1, 2020 and $30,000 in attorney's fees. (Filing No. 6 at CM/ECF p. 95, 99). The child support award terminates when the minor child reaches majority under Nebraska law, becomes emancipated, self-supporting, marries, dies, or until further order of the court. Id. at CM/ECF p. 95. Based on this decree, Defendants contend the total child support award alone is over $100,000. (Filing No. 13 at CM/ECF p. 9-10). That is, the child born in October 2016 will reach the age of majority in October 2035. (Filing No. 6 at CM/ECF p. 79, 86). Defendants argue that Plaintiff is therefore obligated to pay child support for 188 months, totaling approximately $100,580. The facts support Defendants' calculation of potential exposure. Defendants have met their burden of showing the amount in controversy exceeds $75,000.

Based on a review of the relevant law, the notice of removal, and the facts pleaded, the court finds Defendants have met their burden of establishing diversity jurisdiction.

Accordingly,

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable John M. Gerrard, United States District Judge, pursuant to 28 U.S.C. § 636(b), that the motion to remand filed by the plaintiff (Filing No. 11) be denied in its entirety.

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS ORDERED that Plaintiff shall respond to Defendants' Motion to Dismiss (Filing No. 4) on or before January 30, 2023.

Dated this 9th day of January, 2023.

>BY THE COURT:
>
>*s/ Cheryl R. Zwart*
>United States Magistrate Judge