IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTIAN L. GILBERT,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER M. JOHNSON, and CORDELL & CORDELL, P.C., a Missouri corporation;<br><br>Defendants. | 4:22CV3248<br><br><br>**MEMORANDUM AND ORDER** |

Before the Court is Defendants' Motion to Amend Amended Progression Order, Filing No. 82, and Motion to Stay Deadline to Name Experts Pending Ruling on Motion to Amend Amended Progression Order, Filing No. 83. Both motions were opposed by Plaintiff. For the reasons set forth herein, the Court grants Defendants' motion to amend the final progression order and denies Defendants' motion to stay as moot.

For context, the Court held a two-hour discovery dispute conference with counsel for the parties on July 29, 2025. During this lengthy hearing, the Court ordered Plaintiff to supplement and or answer certain discovery requests by August 28, 2025 and, further, ordered any discovery motions regarding other discovery requests to be filed on or before August 28, 2025. Filing No. 80 (audio recording). The Court's rulings are memorialized in a text order dated July 30, 2025. Filing No. 81.

1

Defendants now move the Court to extend Defendants' deadline to designate experts[1] and all unexpired deadlines thereafter by four months. Defendants also request the Court stay the deadline for Defendants to designate experts pending a ruling on the motion to amend the progression order. In support of these motions, Defendants argue this is the first request to amend progression order[2] and, further, that these extensions are necessary due to alleged issues related to Plaintiff's discovery responses. In opposition, Plaintiff argues Defendants do not attach any evidence supporting their position and, further, that Defendants waited until the "last minute" to serve their discovery.

The Court may only modify a Rule 16 scheduling order "for good cause." Fed. R. Civ. Proc. 16(b)(4). "[T]he primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Yang v. Robert Half Int'l, Inc.*, 79 F.4th 949, 960 (8th Cir. 2023), *reh'g denied*, No. 22-2592, 2023 WL 6313679 (8th Cir. Sept. 28, 2023) (quoting *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012)).

Plaintiff does not dispute Defendants served the discovery discussed during the discovery dispute conference with enough time for Plaintiff to respond prior to the written discovery deadline lapsing. Notably, upon review of the docket, it appears Defendants served the disputed discovery on April 18. Filing No. 69. The written discovery deadline was May 26. Filing No. 61. Due to the parties' dispute and subsequent discovery dispute conference, however, Defendants will not receive some of Plaintiff's responses to this discovery until August 28 (or possibly later depending on the resolution of any discovery motions).

Defendants' current expert disclosure deadline is August 4, the deposition deadline is September 15, and the deadline to file dispositive and *Daubert* motions is October 30. Filing No. 61. It is reasonable Defendants want more fulsome answers to discovery before disclosing experts, conducting depositions, or engaging in motions practice. Defendants

---

[1] Plaintiff takes issue with how Defendants characterize this deadline. However, upon review of the totality of Defendants' motions and the current progression order, it is clear Defendants were looking to extend the Defendants' August 4, 2025 deadline "for complete expert disclosures for all experts expected to testify at trial." For example, Defendants explicitly mention the "August 4, 2025" deadline.

[2] The undersigned finds it worthwhile to note this case has been in discovery for only eight months, given the fact that this Court certified a question to the Nebraska Supreme Court, such opinion being issued in November, 2024.

timely moved to extend these deadlines. Under these circumstances,[3] Defendants showed diligence in attempting to meet case progression deadlines and good cause exists to amend the final progression order.

Accordingly, the Court grants Defendants' motion to amend the progression order, Filing No. 82, and denies Defendants' motion to stay, Filing No. 83, as moot. A new progression order will be issued.

IT IS SO ORDERED.

Dated this 20th day of August, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge

---

[3] Plaintiff argues Defendants' motions should be denied because they do not attach supporting evidence in accordance with this Court's local rules. *See* NECivR 7.1(a)(2). Good cause exists, however, to grant Defendants' motion based solely on the filings on the docket in this case.

3